[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Marcus Dairy, Inc., claims damages for breach of contract against the defendant, Joe Milite, arising out of the sale of a truck by the plaintiff to the defendant. In its revised CT Page 9234 complaint of August 24, 1994, the plaintiff alleges that on or about July 20, 1989, pursuant to a written contract, it sold "vehicle #128 (VIN # 206D0504)" to the defendant for $4,500, and that the defendant breached the contract by failing to make the required weekly payments.
In his answer to the complaint, the defendant admitted that he entered into an agreement in July, 1989, that required him to make 35 consecutive weekly payments to the plaintiff, but denied the other material allegations of the complaint. The defendant also filed a special defense agreeing that he took possession of the truck, made payments to the plaintiff and that "at some point in time [he] ceased making payment on the full amount due under the agreement." The defendant asserted, however, that the plaintiff did not commence this litigation "until almost five years after the agreement was made" thereby preventing him from selling the truck at an earlier date when it was more valuable, so that he would be able to "pay the balance" on the contract. The defendant contends in his special defense that he relied on the plaintiff's "non-action" to his detriment.
The case was tried to the court, and the only witness was a representative of the plaintiff. The defendant did not testify, but his answer and special defense concede that he entered into the agreement alleged in the complaint, that he took possession of the truck in question, that he made some payments but ceased making payments, and that there was a balance due to the plaintiff. The defendant's post-trial memorandum argues that the sale of the truck occurred in 1989 and that by the time of trial in 1995, "some of the witnesses who might be expected to have testified, were for whatever reason not available." The identity of these alleged witnesses were never specified, nor was any evidence presented by the defendant as to how or why he was prejudiced in his defense of this case by the lapse of time from September 1990, when he ceased making weekly payments, to July, 1994, when this action was commenced.
The defendant also claims that the plaintiff failed to introduce evidence that it had satisfied its obligation under the contract to replace the throw out bearing, change the oil and tune-up the vehicle, and replace one front fender. However, the defendant admitted in his pleadings that he had taken possession of the truck and made some of the required weekly payments. The plaintiff's witness testified that its records showed that in addition to a $1,000 deposit or down payment, the defendant had CT Page 9235 made four weekly payments of $100 each. Apart from the fact that the defendant did not plead that the plaintiff had failed to comply with a condition precedent in the contract, it also appears, in the absence of any testimony by the defendant himself to the contrary, that he must have been satisfied with the vehicle because he took possession of it and made four payments thereon.
The plaintiff has proved to the satisfaction of this court that the defendant has breached its contract to pay for the truck it sold to the defendant, and therefore, the remaining issue concerns the amount of damages. When the defendant ceased making weekly payments, thirty one payments of $100 each remained unpaid, for a total of $3,100. In addition, the contract provides that "skipped payments will invoke interest of 12% per annum on the remaining balance." Payments were "skipped" starting in September, 1990, and interest at 12% per year amounts to $1,693 as of April 24, 1995, when the plaintiff submitted its post-trial brief, for a total of $4,793. Moreover, on November 17, 1994, within eighteen months of commencing this action, the plaintiff filed an offer of judgment for $3,000, pursuant to General Statutes § 52-192a. Accordingly, the plaintiff is entitled to additional interest of 12% from the day the action was filed, July 1, 1994, to April 24, 1995, which amounts to $467.86. Hence, judgment may enter in favor of the plaintiff to recover from the defendant $4,793, plus $467.86, for a total of $5,260.86, and costs as taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 21st day of August, 1995.
William B. Lewis, Judge